UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET PASQUA and KIMBERLY BROWNE,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF HUNTERDON, *et al.*,<br><br>Defendants. | Civil Action No. 15-3501 (FLW)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs Margaret Pasqua ("Pasqua") and Kimberly Browne's ("Brown") (collectively, "Plaintiffs") motion to amend the complaint to reassert claims against Defendants Donohue Gironda & Doria, Louis J. Garbaccio, Frederic J. Tomkins ("Donohue Defendants"), Samuel Klein & Co., Michael McGuire ("Samuel Klein Defendants") and Wiss & Co., LLP and David J. Gannon ("Wiss Defendants") (collectively, "Defendants") (Docket Entry No. 34).  Defendants oppose Plaintiffs' motion. (Docket Entry Nos. 38-41)  The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiffs' motion.  The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.      Background and Procedural History**

The parties and the Court are familiar with this case.  As a result, the Court does not restate the facts at length herein, but focuses on those relevant to the instant motion to amend.  In their original complaint, Plaintiffs brought state professional malpractice and tort claims against the Defendants alleging professional negligence, conspiracy and breach of duty of care that led and contributed to Plaintiffs' terminations.  Defendants filed motions to dismiss (Docket Entry

1

Nos. 19, 20 and 26) which were granted by the Hon. Freda L. Wolfson, U.S.D.J. on August 11, 2016. (Docket Entry No. 31). The District Court dismissed the following counts: Count 9 against the Samuel Firm (dismissed without prejudice), Counts 9 and 16 against the Wiss Firm (dismissed without prejudice), Count 17 against the Donohue Firm (dismissed without prejudice), Count 18 against Mr. Tomkins of the Donahue Firm and Mr. Gannon of the Wiss Firm (dismissed). The District Court also noted that "it appears that Plaintiffs are attempting to assert a conspiracy claim under 42 U.S.C.S. § 1985 and under New Jersey common law, against the Donohue and Wiss Firms in Counts 9 and 18." (Docket Entry No. 31 at 48). The District Court found that because it had dismissed all underlying tort claims against the Donohue and Wiss Firms, a potential civil conspiracy claim by Plaintiffs would be subject to dismissal. (Id.)[1]

Plaintiffs filed the instant motion to amend the complaint to reassert amended claims against Defendants on September 8, 2016 which the Court addresses herein.

**II.     Analysis**

   **A.     Motions to Amend the Pleadings**

According to FED.R.CIV.P. ("Rule") 15(a), leave to amend the pleadings is generally granted liberally. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.) Nevertheless, where there is an absence of the above factors: undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely. *Long*, 393 F.3d at 400.

---

[1] An appeal of the District Court's opinion is pending before the Third Circuit.

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

A motion to amend is also properly denied where the proposed amendment is futile. *See Foman,* 371 U.S. at 182; *Alvin*, 227 F.3d at 121. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine whether an amendment is "insufficient on its face," the Court employs the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) (*see Alvin*, 227 F.3d at 121) and examines only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in

3

favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (Id.) Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Discussion

In her August 11, 2016 Omnibus Opinion, the Hon. Freda L. Wolfson notes that in New Jersey, liability of accountants is specifically governed by the Accountant Liability Act, which states in relevant part:

> b. Notwithstanding the provisions of any other law, no accountant shall be liable for damages for negligence arising out of and in the course of rendering any professional accounting service unless:
>
> (1) The claimant against the accountant was the accountant's client; or
>
> (2) The accountant:
>
> > (a) knew at the time of the engagement by the client, or agreed with the client after the time of engagement, that the professional accounting service rendered to the client would be made available to the claimant, who was specifically identified to the accountant in connection with a specified transaction made by the claimant;
> >
> > (b) knew that the claimant intended to rely upon the professional accounting service in connection with that specified transaction; and
> >
> > (c) directly expressed to the claimant, by words or conduct, the accountant's understanding of the claimant's intended reliance on the professional accounting service.

N.J.S.A. 2A:53A-25(b)

Plaintiffs argue that in opposition to the Defendants' motions to dismiss, Plaintiffs had filed affidavits stating that "at the time of their engagement the firms knew and agreed, and further during the course of their entire engagement by the County of Hunterdon, knew that they had a significant and principal duty to each of the plaintiffs and that the extent to which the plaintiffs would be relying on the accountants work in connection with their employment." (Pls.' Letter Br. in Supp. of Mot. at 2). Plaintiffs further argue that the contract with at least one of the firms[2] specifically identified the extent to which plaintiffs would be relying on the work. (Id.)

Plaintiffs propose to amend Paragraph 121 of the complaint as follows:

"For the three year term 2010-2012 the County engaged the firm of Samuel Klein and Company, the defendant named herein. The responsible auditor was the defendant Michael McGuire. Pursuant to N.J.S.A. 2A:53A-25 b. (2)(a) the defendants Samuel Klein and Company and Michael McGuire knew (i) at the time of the engagement by the County, or agreed with the County after the time of the engagement, that the professional accounting service rendered to the County would be made available to the plaintiffs, who

---

[2] Plaintiffs do not identify which Defendant this applies to.

5

>was specifically identified to the accountant in connection with a specified transaction made by the plaintiffs; (ii) knew that the plaintiffs intended to rely upon the professional accounting service in connection with specified transactions; and (iii) directly expressed to the plaintiffs, by words or conduct, the accountant's understanding of the plaintiff's intended reliance on the professional accounting service.  As such, under the statute, the plaintiffs are entitled to assert this claim against the defendants Samuel Klein and Company and Michael McGuire."
>
>(Id. at 3-4)

Plaintiffs intend to amend paragraphs 127 and 133 against the Wiss Defendants and the Donohue Defendants, respectively, in the same manner.  (Id. at 4).

All Defendants argue that Plaintiffs have simply added the language from New Jersey's Accounting Liability Act in an attempt to remedy the deficiencies in the original complaint.  (*See* Wiss Defendants' Br. in Opp. at 4 ("Plaintiffs are simply mimicking the necessary key words of N.J.S.A. 2A:53A-25(b) in a desperate attempt to avail themselves of the benefit of the statutory exemption."); Donahue Defendants' Br. in Opp. at 4 ("Plaintiffs seek to amend the Complaint by simply parroting the language of the Statute without any indication that there will be evidence to support the new allegations…"), Samuel Klein Defendants' Letter Br. in Opp. at 4 ("Merely re-stating the precise language of the statute, accomplishes nothing more than referring to the statute by its citation would, and fails to address what the Court noted in its Opinion was the "Plaintiffs' failure to properly plead the necessary preconditions to bring suit as a third party"").

Wiss Defendants further argue that Plaintiffs' motion to amend should be denied due to their inability to provide any evidence that Defendants knew that their services would be relied on by Plaintiffs or that they expressed to Plaintiffs that they were aware that Plaintiffs were relying on those services.  (Wiss Defendants' Br. in Opp. at 5-6).

Donahue Defendants argue that the amendment is futile and that "the Court will not abuse its discretion if it denies the Motion to Amend the pleading which, like the pleading it replaces fails to state a claim."  (Donahue Defendants' Br. in Opp. at 2, citing *Miklavic v. US Air,*

6

*Inc.*, 21 F.3d, 551, 557-58 (3d Cir. 1994)).   Donahue Defendants note that the amended pleading does not contain any reference to how defendants "directly expressed to the Plaintiffs, by word or conduct, (their understanding of the Plaintiffs' intended reliance)." (Id. at 4).

Donahue Defendants further argue that Plaintiffs are attempting to reinsert the tortious interference claims which were dismissed in the District Court's August 11, 2016 Order without including any information showing that the Donahue Defendants acted with malice.  (Id. at 5).

Samuel Klein Defendants incorporate by reference and join in the oppositions filed by Wiss Defendants and Donahue Defendants. (Samuel Klein Defendants' Letter Br. in Opp. at 1). Samuel Klein Defendants argue that the Certifications submitted by Plaintiffs referring to language contained in the Services Agreement of the Samuel Klein Firm does not meet the requirements of the Accounting Liability Act.  (Id. at 4).

The Court finds that Plaintiffs' motion to amend is futile.  As to the claims under the Accounting Liability Act, Plaintiffs have not plead any additional facts to support their claims but have simply added the language of the Accountant Liability Act to their complaint.  As for the tortious inference claim, Plaintiffs have simply added the word malice to paragraph 137 of the proposed amended complaint instead of adding information showing that Defendants' acts met the malice requirement.

In light of the Court's decision that Plaintiffs' motion should be denied on futility grounds, the Court does not reach the question of whether Plaintiffs' proposed amendments are also prejudicial.

### III.   Conclusion

For the reasons stated above, Plaintiffs' motion seeking leave to file an Amended Complaint is DENIED.  An appropriate Order follows.

Dated:  December 7, 2016

                                            <u>s/Tonianne J. Bongiovanni</u>
                                            **HONORABLE TONIANNE J. BONGIOVANNI**
                                            **UNITED STATES MAGISTRATE JUDGE**